**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| RH US, LLC<br>and<br>RESTORATION HARDWARE, INC.<br>and<br>WATERWORKS OPERATING CO., LLC<br>*Plaintiffs*,<br>v.<br>UNITED STATES; U.S. CUSTOMS AND BORDER PROTECTION; and RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection<br>*Defendants*. | Court No. 26-03688 |

**COMPLAINT**

Plaintiffs, RH US, LLC; Restoration Hardware, Inc.; and Waterworks Operating Co., LLC; Delaware entities, through their undersigned counsel, LMD Trade Law PLLC, allege as follows:

1. Plaintiffs, who are U.S.-based importers of record, owned by the same parent company, bring this action to challenge the assessment of certain duties upon their merchandise entered for consumption in the customs territory of the United States.

2. As importers of record, Plaintiffs have deposited duties imposed under Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132 ("Section 122"), pursuant to Presidential Proclamation No. 11012, *Imposing a Temporary Import Surcharge to Address Fundamental International Payment Problems*, 91 Fed. Reg. 9339 (Feb. 25, 2026) ("Proclamation No. 11012").

3. On May 7, 2026, this Court held that Proclamation No. 11012 exceeded the authority Congress granted to the Executive Branch through Section 122, because it relied upon trade deficits and current account deficits rather than the balance-of-payments deficits required by the statute. *See Burlap and Barrel, Inc. v. United States*, No. 26-01606-3JP, slip. op. 26-47 (Ct. of Int'l Trade May 7, 2026), appeal docketed, No. 2026-1804 (Fed. Cir.) and *State of Oregon v. United States*, No. 26-01472-3JP (collectively referred to herein as "*Burlap and Barrel*").

4. Although this Court has determined that Proclamation No. 11012 was unlawful, the relief granted in *Burlap and Barrel* was limited to the plaintiffs in that action. Plaintiffs therefore bring this action to obtain declaratory, injunctive, and other appropriate relief with respect to the Section 122 duties assessed and collected on their imports.

5. Defendant United States received the Section 122 duties deposited by Plaintiffs and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

6. Defendant U.S. Customs and Border Protection ("CBP") is the agency that collected the Section 122 duties deposited by Plaintiffs.

7. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity. In this capacity, he oversees CBP's collection of the Section 122 duties.

8. Defendants are referred to collectively as "Defendant" in this complaint.

9. This action is necessary because, although this Court has determined that Proclamation No. 11012 exceeds the authority granted by Section 122, the judgment in *Burlap and Barrel* extends only to the plaintiffs in that action.

10. Plaintiffs therefore seek relief specific to the Section 122 duties assessed and collected on their imports.

## JURISDICTION AND STANDING

11. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1581(i)(1)(B) & (D), which confers "exclusive jurisdiction" on this Court over "any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for . . . tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue."

12. This Court has all the powers at law and in equity of a United States District Court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, this Court can enter a money judgment against the United States and can order all appropriate relief, including declaratory judgments, reliquidation of entries, and injunctions. 28 U.S.C. §§ 2643(a)(1), (c)(1).

13. Plaintiffs have standing to seek their requested relief because Plaintiffs are the importers of record for merchandise subject to the Section 122 duties, were required to pay and did pay those duties, and are therefore persons "adversely affected or aggrieved by agency action" within the meaning of 5 U.S.C. § 702 and 28 U.S.C. § 2631(i).

14. Unless this Court grants relief, Plaintiffs' entries of merchandise upon which Defendant assessed the challenged Section 122 duties will continue to liquidate and become final. The prospective liquidation of those entries constitute ongoing and irreparable injury to Plaintiffs for which no adequate administrative remedy exists.

## TIMELINESS OF THE ACTION

15. An action brought under 28 U.S.C. § 1581(i)(1)(B) must be commenced "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i).

16. Plaintiffs' claims accrued no earlier than February 24, 2026, when Defendant CBP began collecting the challenged Section 122 duties pursuant to Proclamation No. 11012.

17. Plaintiffs have therefore timely filed this action.

## FACTUAL BACKGROUND

18. On February 20, 2026, President Donald J. Trump issued Proclamation No. 11012, *Imposing a Temporary Import Surcharge to Address Fundamental International Payment Problems*, invoking Section 122 of the Trade Act of 1974, 19 U.S.C. § 2132, as authority to impose an additional ad valorem duty on imported merchandise from numerous countries.

19. Proclamation No. 11012 was issued following the Supreme Court's decision in *Learning Resources, Inc. v. Trump*, No. 24-1287 (U.S. Feb. 20, 2026), concerning *ultra vires* tariffs imposed under the International Emergency Economic Powers Act ("IEEPA"), and purported to rely upon Section 122 as an independent source of authority to impose broad import surcharges.

20. Section 122 authorizes the President to impose temporary import surcharges only under the limited circumstances prescribed by Congress.

21. Proclamation No. 11012 invoked Section 122 as authority to impose the challenged import surcharge based upon an asserted balance-of-payments deficit.

22. As this Court held in *Burlap and Barrel*, however, the Proclamation relied upon trade deficits and current account deficits rather than the balance-of-payments deficits contemplated by Congress when it enacted Section 122. Accordingly, the Court concluded that the Proclamation exceeded the authority granted by Section 122.

23. Specifically, this Court determined that the balance-of-payments deficits referenced in Section 122 refer to recognized balance-of-payments measures, including liquidity balance, official settlements balance, and basic balance, rather than trade deficits or current account deficits.

24. Although this Court in *Burlap and Barrel* declared Proclamation No. 11012 unlawful, the Court limited application of its decision to the named plaintiffs in that action.

Plaintiffs were not parties to those proceedings.

25. Accordingly, absent relief in this action, Plaintiffs' entries of imported merchandise upon which Defendant assessed the challenged Section 122 duties will continue to liquidate and become final, and Plaintiffs have no assurance that the duties previously collected will be refunded.

**CBP'S ASSESSMENT AND COLLECTION OF THE SECTION 122 DUTIES**

26. Defendant CBP administers the customs laws of the United States and is responsible for the assessment and collection of duties on merchandise imported into the United States customs territory. 19 U.S.C. §§ 1500, 1502.

27. At the time of entry, an importer of record deposits estimated duties based on the merchandise's declared classification, value, and country of origin. CBP then reviews and liquidates the entry after determining the final amount of duties owed, according to the rates provided in the Harmonized Tariff Schedule of the United States. 19 U.S.C. §§ 1202, 1500, 1502.

28. After an entry has been liquidated, if the liquidation is subject to protest, the importer of record is afforded 180 days to file a protest challenging the liquidation and any other decisions of CBP encompassed therein, after which the liquidation is final. 19 U.S.C. § 1514(a).

29. However, because CBP applied Proclamation No. 11012 in its ministerial capacity, as directed by the President, administrative mechanisms such as protests do not provide an adequate means of resolving the legality of the Proclamation itself; these administrative mechanisms exist only to challenge "decisions of the Customs Service." 19 U.S.C. § 1514(a).

30. Pursuant to Proclamation No. 11012 and implementing HTSUS provisions thereof, CBP has assessed and collected Section 122 duties on Plaintiffs' entries of imported merchandise.

31. Unless this Court grants relief before Plaintiffs' entries liquidate and become final, Plaintiffs may be unable recover the Section 122 duties unlawfully collected on those entries.

## PLAINTIFFS PAID SECTION 122 DUTIES

32. Since Proclamation No. 11012 took effect on February 24, 2026, CBP has assessed Section 122 duties on Plaintiffs' imported merchandise, and Plaintiffs have paid those duties.

33. Entries upon which Plaintiffs have paid Section 122 duties are expected to liquidate in accordance with the customs laws unless this Court grants appropriate equitable relief.

## STATEMENT OF CLAIMS

34. Paragraphs 1 through 32 above are incorporated by reference.

35. Presidential Proclamation No. 11012 exceeds the authority Congress delegated to the Executive Branch under Section 122 of the Trade Act of 1974.

36. Therefore, the challenged Section 122 duties are *ultra vires*.

37. Plaintiffs are entitled to declaratory and injunctive relief, refunds of all Section 122 duties unlawfully collected from Plaintiffs, liquidation or reliquidation of affected entries as appropriate, interest as provided by law, and such other relief as this Court deems just and proper.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court:

(a) Declare that Defendant lacks authority to assess or collect Section 122 duties from Plaintiffs pursuant to Proclamation No. 11012;

(b) Permanently enjoin Defendant from assessing or collecting Section 122 duties from Plaintiffs pursuant to Proclamation No. 11012;

(c) Order Defendant to reliquidate, with no assessment of Section 122 duties, any of Plaintiffs' entries of imported merchandise subject to Section 122 duties that have been liquidated;

(d) Order Defendant to liquidate, with no assessment of Section 122 duties, any of Plaintiffs' entries of imported merchandise that have not yet liquidated as of the date of the Order;

(e) Order Defendant to refund to Plaintiffs any and all Section 122 duties unlawfully collected from Plaintiffs, together with interest as provided by law; and

(f) Award Plaintiffs their costs and reasonable attorney's fees.

Respectfully submitted,

Dated: August 19, 2026

*/s/ T. James Min II*

T. James Min II
LMD TRADE LAW PLLC
1629 K Street NW, Suite 300
Washington, DC, 20006
Telephone: (202) 935-2036
James.Min@lmdtradelaw.com

Samuel D. Finkelstein
LMD TRADE LAW PLLC
1629 K Street NW, Suite 300
Washington, DC, 20006
Telephone: (202) 935-2328
Samuel.Finkelstein@lmdtradelaw.com

*Counsel to RH*

## CERTIFICATE OF SERVICE

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that on August 19, 2026, copies of Plaintiff's Summons and Complaint were served on the following parties by certified mail, return receipt requested:

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Attorney-In-Charge
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

Office of Chief Counsel
U.S. Customs & Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229

*/s/ T. James Min II*

T. James Min II
LMD TRADE LAW PLLC
1629 K Street NW, Suite 300
Washington, DC, 20006
Telephone: (202) 935-2036
James.Min@lmdtradelaw.com

Samuel D. Finkelstein
LMD TRADE LAW PLLC
1629 K Street NW, Suite 300
Washington, DC, 20006
Telephone: (202) 935-2328
Samuel.Finkelstein@lmdtradelaw.com

*Counsel to RH*